```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ILLINOIS
            EASTERN DIVISION
```

| | |
|---|---|
| E. R. JAMES REAL ESTATE SERVICES, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEVE SPINELL, *et al.*, <br><br> Defendants. | Case No 11 C 4476 <br><br> Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint under Rule 12(b)(6) and Motion to Strike Plaintiffs' request for attorney's fees. For the reasons that follow, the Court grants the Motion to Dismiss Count I as to Defendant Martini; denies the Motion to Dismiss Count I as to the remaining Defendants; denies the Motion to Strike Plaintiffs' request for attorneys fees; and denies the Motion to Dismiss Counts II-VI with regard to all Defendants.

### I.   INTRODUCTION

Plaintiffs here are E. R. James Real Estate Services, LLC; Edward R. James Partners, LLC; Edward R. James Homes, LLC; and E. R. James Realty, LLC ("Services," "Partners," "Homes," and "Realty," respectively, or collectively the "Companies"). The Companies allege that several of their former employees, on company resources and company time, founded a competing business and stole customers from

Services.  When they resigned in concert, Defendants allegedly took physical files, deleted incriminating e-mails, and otherwise "sabotaged" their computers.

Defendants have moved to dismiss the Complaint under FED. R. CIV. P. 12(b)(6) on a variety of grounds.  As to Count I, they object that the Computer Fraud and Abuse Act (the "CFAA") cannot apply to Defendant Martini.  As to the remaining counts, Defendants allege that, as separate entities, Plaintiffs cannot (a) each assert harms that accrued only to Services, and (b) treat the Defendants as Services employees when they were employed by other Plaintiffs.

## II. **LEGAL STANDARD**

In evaluating a motion to dismiss under Rule 12(b)(6), this Court accepts as true all well-pleaded facts in Plaintiffs' Complaint and draws all possible inferences in their favor. *Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). Under FED. R. CIV. P. 8(A)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, Plaintiffs need not allege "detailed factual allegations," but must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Naked assertion[s] devoid of further factual enhancement" will not suffice – that is, a Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is

- 2 -

plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

### III. DISCUSSION

#### A. Count I – Computer Fraud and Abuse Act

In Count I, Plaintiffs claim that Defendants deleted e-mails and other computer files in violation of the CFAA, 18 U.S.C. § 1030. "To state a civil claim for a violation of the CFAA, a plaintiff must allege: 1) damage or loss; 2) caused by; 3) a violation of one of the substantive provisions set forth in § 1030(a); and 4) conduct involving one of the factors in § 1030(c)(4)(A)(i)(I)–(V)." 18 U.S.C. § 1030(g); *Cassetica Software, Inc. v. Computer Scis. Corp.,* No. 09 C 0003, 2009 WL 1703015, at *3 (N. D. Ill. June 18, 2009). Count I is pled under the damages rule of § 1030(c)(4)(A)(i)(I), which requires economic damages in excess of $5,000 in one year.

In the Complaint, Plaintiffs allege violations of § 1030(a)(5)(A) and (C). Subsection (A) prohibits "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] damage without authorization, to a protected computer." Subsection (C) prohibits "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss."

The CFAA defines many of these statutory terms. To be "protected," a computer must be used in interstate commerce or communication. *Id.* § 1030(b)(2)(B). A user "exceeds authorized

plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

### III. DISCUSSION

#### A. Count I – Computer Fraud and Abuse Act

In Count I, Plaintiffs claim that Defendants deleted e-mails and other computer files in violation of the CFAA, 18 U.S.C. § 1030. "To state a civil claim for a violation of the CFAA, a plaintiff must allege: 1) damage or loss; 2) caused by; 3) a violation of one of the substantive provisions set forth in § 1030(a); and 4) conduct involving one of the factors in § 1030(c)(4)(A)(i)(I)–(V)." 18 U.S.C. § 1030(g); *Cassetica Software, Inc. v. Computer Scis. Corp.,* No. 09 C 0003, 2009 WL 1703015, at *3 (N. D. Ill. June 18, 2009). Count I is pled under the damages rule of § 1030(c)(4)(A)(i)(I), which requires economic damages in excess of $5,000 in one year.

In the Complaint, Plaintiffs allege violations of § 1030(a)(5)(A) and (C). Subsection (A) prohibits "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] damage without authorization, to a protected computer." Subsection (C) prohibits "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss."

The CFAA defines many of these statutory terms. To be "protected," a computer must be used in interstate commerce or communication. *Id.* § 1030(b)(2)(B). A user "exceeds authorized

access" if she permissibly accesses a computer, but then obtains or alters information she should not. *Id.* § 1030(e)(6). "Damage" is only harm to the "integrity or availability" of data, information, a system or a program. *Id.* § 1030(e)(8). Absconding with confidential information is not "damage" unless the theft impairs the underlying data. *Mintel Intern. Group, Ltd. v. Neergheen,* No. 08 C 3939, 2010 WL 145786, at *9 (N. D. Ill. Jan. 12, 2010).

Similarly, "loss" is limited to the victims' costs in responding to, assessing, and repairing damage, plus consequential damages from related service interruptions. 18 U.S.C. § 1030(b)(11). Thus, economic costs unrelated to the actual computer system are not covered. *Cassetica,* 2009 WL 1703015, at *4. Accordingly, Plaintiffs must allege facts connecting their claimed losses to the unlawful use of the computer system, and not just to wrongful conduct. *See CustomGuide v. CareerBuilder, LLC*, --- F. Supp.2d ---, 2011 WL 3809768, at *4-5 (N. D. Ill. Aug. 24, 2011).

Plaintiffs claim that Defendant Spinell told the others to delete e-mails related to their scheme, and then delete them again from the "deleted items" folder; this made the files hard to retrieve. They also claim that Defendants Pitcher, Martorano, and Lifka took "additional steps . . . to sabotage the company computers" before quitting. Compl. at ¶ 23. Although the Seventh Circuit has questioned whether pressing "delete" can be a "transmission" under subsection (A), it intimated that conduct similar to these allegations could violate subsection (C). *International Airport*

*Centers, L.L.C. v. Citrin*, 440 F.3d 418, 418-19, 420-21 (7th Cir. 2006)(construing parallel section of prior version of statute).

Plaintiffs claim to have spent "substantial sums for computer forensics consultants" to identify, evaluate, and retrieve data that Defendants tried to destroy. Compl. at ¶ 24. They allege monetary losses over $5,000, and irreparable harm necessitating an injunction. Although Plaintiffs do not spell out that the monetary losses relating to the computer damage are the same losses that exceeded $5,000, this Court finds that to be the fairest reading of the Complaint. Accordingly, Plaintiffs appear to have adequately pleaded a CFAA claim.

Defendants seek to dismiss all of Count I, but really only challenge its application to Martini. They claim that "unauthorized access" is impossible because Martini used her own computer for work, and Plaintiffs thus lost nothing when she left with it. They also note that Plaintiffs did not specify which files, if any, she deleted.

Although Defendants cite to no cases, some District Courts have concluded that using one's personal computer will not support a CFAA unauthorized access claim. *See, e.g., Keystone Fruit Marketing, Inc. v. Brownfield*, No. 05 C 5087, 2006 WL 1873800, at *6 (E. D. Wash. July 6, 2006). However, subsection (A) appears to prohibit damaging (not accessing) a computer without authorization. The definition of "protected computer" does not specify whose computer it must be. Therefore, Plaintiffs may be able to make out a claim against Martini

by showing that she impermissibly destroyed files or other data belonging to them. However, the Court agrees with Defendants that Plaintiffs have not sufficiently alleged such a claim. Accordingly, Count I is dismissed without prejudice as to Martini.

Again citing no authority, Defendants claim that because Count I was pleaded against them collectively, a dismissal as to Martini mandates dismissal of the entire count. The Court disagrees. *See Hardy v. Bankers Life & Cas. Co.*, 222 F.2d 827, 828 (7th Cir. 1955).

Finally, Defendants ask the Court to dismiss Count I because Plaintiffs improperly seek attorneys' fees. Assuming *arguendo* that the requested relief is improper, the Court will not dismiss the claim outright on that basis. Furthermore, at least one District Court has concluded that attorneys' fees – at least insofar as they pertain to investigating a CFAA violation – may be recoverable. *Animators at Law, Inc. v. Capital Legal Solutions, LLC,* --- F.Supp.2d. ---, No. 10 C 1341, 2011 WL 2022540, at *7 (E. D. Va. May 10, 2011). At this early stage, and with no information about how and when such fees accrued, the Court will neither dismiss Count I nor grant Defendants' Motion to Strike the fee request under Rule 12(f).

Accordingly, the Motion to Dismiss Count I is GRANTED without prejudice as to Martini and DENIED as to remaining Defendants. Though the Court dismisses the only federal claim against Martini, it retains jurisdiction in the remaining counts against her because all

claims arise from a common nucleus of operative fact. *See* 28 U.S.C. § 1367(a).

### B. Counts II-VI – State and Common Law

#### *1. Generally*

Defendants challenge Counts II-VI on the ground that the Plaintiffs are separate companies, and that therefore (a) the employees of one Plaintiff owed no duty to the other Plaintiffs, and (b) because only Services suffered losses, no other Plaintiff can show harm. In short, Defendants argue that because Services did not employ them directly, and the alleged harm only impacted Services, any fiduciary- or employment-based claim fails. However, the Companies have pled that they are one enterprise which jointly employed Defendants well enough to satisfy Rule 12(b)(6).

Defendants argue as if every Plaintiff brings independent claims. Upon reading the Complaint, however, the Court concludes that the Companies seek recompense for harms they allegedly suffered as a unit. Based on the facts alleged, the Companies appear to operate as an interconnected network, with considerable overlap in their management structures and flexible allocation of employees between companies. The Complaint describes Companies as the "evolution" of a single business, and Services as simply a new division thereof. Each company is owned by Jerry and Edward R. James, and lists the same principal place of business. Defendant Spinell was allegedly shared senior management, albeit working mostly for Services. The Complaint alleges that before quitting, each

Defendant was supposed to be working (at least some of the time) for Services and that Defendant Martini had been a Services receiver. All this, despite being formally employed by other Plaintiffs.

Defendants would have a stronger argument if each Plaintiff sought to recover separately – for example, if *each* tried to recover the amount that Defendants earned during the alleged breaches of fiduciary duties. As the Court reads the Complaint, however, it seeks, *e.g.*, a single repayment of any pay Defendants "earned" during such breaches.

Thus, the Complaint suitably alleges that Plaintiffs jointly employed Defendants and claim fiduciary duties accordingly. *Cf. Citrin*, 440 F.3d at 418. Of course, this is not to say that Defendants cannot prove at trial that the companies are not so connected, or that a Defendant worked exclusively for one Plaintiff and owed no duty to the others. For the purposes of Defendants' Motion to Dismiss, however, this Court finds sufficient facts alleged in the Complaint to support a joint employment theory.

### *2. Count VI - Conversion*

In objecting to Count VI, Defendants also object that Plaintiffs insufficiently allege that anyone other than Defendant Spinell took physical files. The allegation that Defendants Martini, Pitcher, Martorano, and Lifka "presumably" assisted him, they claim, cannot support a cause of action. Although the Court agrees that this pleading is thin, it construes this as an allegation based upon information and belief. The Complaint specifically alleges that the

files were taken *after* Jerry James had left for the day. Accordingly, Defendants seem to have unique control over the information as to which of them, if any, removed files. Under these circumstances, making an allegation on information and belief does not contravene *Twombly* or *Iqbal*. *See Simonian v. Blistex, Inc.*, No. 10 C 01201, 2010 WL 4539450, at *3 (N. D. Ill. Nov. 3, 2010) and cases cited therein.

### IV. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Grants without prejudice the Motion to Dismiss Count I as to Defendant Martini;

2. Denies the Motion to Dismiss Count I as to the remaining Defendants;

3. Denies the Motion to Strike Plaintiffs' Request for Attorneys Fees; and

4. Denies the Motion to Dismiss Counts II-VI with regard to all Defendants.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 10/26/2011